1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

8   MARIA LITA PADERNAL-NYE,

9        *Petitioner,*                                    2:11-cv-02058-GMN-PAL

10  vs.                                                   ORDER

11
    JANET NAPOLITANO, *et al.*,
12
         *Respondents*.
13

14

15        This represented immigration habeas matter under 28 U.S.C. § 2241 comes before

16  the Court for initial review pursuant 28 U.S.C. § 2243 and Rule 4 of the Rules Governing

17  Section 2254 Cases, which is applied to this proceeding pursuant to Rule 1(b) thereof, as well

18  as upon petitioner's emergency motion (#3) for a stay order.  Following upon initial review,

19  the emergency motion will be denied and petitioner will be directed to show cause why this

20  action should not be dismissed without prejudice for lack of jurisdiction over the subject matter

21  in the district court.

22                                      ***Background***

23        According to the allegations of the petition,[1] petitioner is a native and citizen of the

24  Phillippines who was adjusted to lawful permanent resident status in the United States on

25  November 16, 1995.

26

27

28  _____

    [1]In summarizing the allegations of the petition herein, the Court makes no findings of fact.  The Court merely is summarizing the allegations made as background to the jurisdictional issue.

1    In 1996, petitioner pled guilty in Nevada state court to one count of child abuse and

2  neglect and one count of misdemeanor battery.  The allegations of the petition reflect that

3  petitioner was sentenced on September 11, 1996, but the filing date of the judgment of

4  conviction is not stated.  The petition states that, on the first charge, petitioner was given a

5  one year sentence that then was suspended with placement on probation not to exceed

6  eighteen months.  On the second charge petitioner was sentenced to time served.  It thus

7  would appear that, as of the start of 2012, the sentences on the conviction long since have

8  fully expired.

9    It does not appear from the allegations presented that petitioner filed a direct appeal

10  from the judgment of conviction.  The petition further does not reflect the filing of any other

11  state proceedings seeking to challenge the conviction.  The petition refers only to the

12  retention of another attorney (different from federal habeas counsel) in or about November

13  or December 2011 for the purpose of seeking withdrawal of the plea in the state district court.

14    On or about April 13, 1999, immigration authorities initiated removal proceedings

15  against petitioner based upon the state conviction.  Petitioner challenged the removal order

16  in extensive administrative and judicial proceedings that have spanned over a decade.  See

17  #1, at 4-9.  These proceedings culminated in a July 8, 2011, decision by the Ninth Circuit

18  denying petitioner's petition for review and the denial of petitions for rehearing on September

19  9, 2011.  *See Padernal-Nye v. Holder*, 2011 WL 2669972 (9th Cir., July 8, 2011).

20    The present federal habeas petition is brought under 28 U.S.C. § 2241 exclusively

21  against federal officials, including the United States Attorney General, the Secretary of the

22  Department of Homeland Security, and two subordinate federal officials.

23    The petition seeks to present what appears – at least from the allegations of the

24  petition – to be a new legal basis for preventing the removal order from being carried out.

25  Petitioner alleges that the 1996 state conviction and guilty plea were obtained in violation of

26  petitioner's right to effective assistance of counsel because she was not advised of the

27  immigration consequences of the plea.  She relies upon the 2010 decision in *Padilla v.*

28  *Kentucky*, ___ U.S. ___, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).

-2-

1   Petitioner alleges "that Petitioner's Removal Order violates Due Process of Law

2   because it is based upon a conviction entered in violation of the United States Constitution."

3   #1, at 1 She maintains that the "conviction upon which the Deportation Order is based is

4   unconstitutional and legally defective and its use for the purposes of removal results in a

5   violation of due process of law." #1, at 9.   She prays for an order "declaring [that] the

6   Petitioner's State Court conviction is constitutionally infirm and defective *and cannot be used*

7   *to establish removability*." #1, at 9 (emphasis added).   She further seeks "a Stay of the

8   Removal Order until" the present petition is decided. *Id.*

9                                                    ***Discussion***

10   Pursuant to 8 U.S.C. § 1252(a)(5) and (b), a federal district court does not have

11   jurisdiction over  a habeas petition seeking to challenge a removal order. *See,e.g., Flores-*

12   *Torres v. Mukasey*, 548 F.3d 708, 710-11 (9th Cir. 2008); *Iasu v. Smith*, 511 F.3d 881 (9th Cir.

13   2007).   The exclusive method for obtaining judicial review of a final order of removal is

14   through filing a petition for review in the Court of Appeals. *Id.*  Because petitioner filed the

15   present petition after the May 11, 2005, effective date of the above-cited jurisdictional

16   provision, dismissal of the petition rather than transfer to the Court of Appeals is required

17   where jurisdiction in the district court is absent. *E.g., Iasu*, 511 F.3d at 884 & 893.

18   Petitioner seeks to avoid this jurisdictional provision by urging that her claim "is not a

19   direct challenge to the final order of removal but is a collateral attack on the Constitutionality

20   of the Conviction upon which the removal order is based." #1, at 3.

21   Petitioner's jurisdictional argument is fundamentally flawed for two reasons.

22   First, petitioner undeniably is seeking judicial review of the removal order.  While the

23   alleged unconstitutionality of the state conviction is the *ground* for the relief sought, the *relief*

24   sought is an order from the district court under § 2241 declaring that federal immigration

25   officials may not lawfully remove petitioner from the United States and further staying the

26   order pending such a determination.  While petitioner may be seeking to collaterally attack

27   the state conviction, she is seeking direct judicial review of the constitutional validity of the

28   removal order in the district court and federal judicial preclusion of its enforcement.

1    The cases cited by petitioner do not support the proposition that a district court has

2   jurisdiction over a habeas petition based upon the premise that a petitioner is not directly

3   challenging the removal order when she alleges that the underlying state conviction is

4   unconstitutional.  No such issue was presented in any of the cases cited, and the cases

5   contain no apposite discussion of any such issue.[2]

6    Second, under well-established law, petitioner *cannot* collaterally challenge a state

7   court conviction in a federal habeas petition brought against federal immigration authorities

8   under § 2241.  *See,e.g. Contreras v. Schiltgen*, 151 F.3d 906 (9th Cir. 1998).  Petitioner must

9   challenge the state conviction in appropriate proceedings brought against state officials,[3] and

10  she must seek any interim judicial relief regarding enforcement of the removal order in

11  proceedings filed in the federal court of appeals, not the district court.

12   Petitioner therefore will be directed to show cause why the petition should not be

13  dismissed for lack of jurisdiction.  The emergency motion further will be denied as the

14  emergency judicial relief requested instead must be sought in conjunction with a timely

15  petition for review in the Court of Appeals.  Petitioner should not wait for a final decision from

16  this Court prior to seeking appropriate relief in an appropriate forum.  On the allegations and

17

18       [2]In *Nnadika v. Attorney General*, 484 F.3d 626 (3d Cir. 2007), the petitioner was challenging the
19  constitutionality of his arrest and detention by *federal immigration authorities*, not the unconstitutionality of a
    state court conviction serving as a predicate for a removal order.  *See* 484 F.3d at 632.  In *Madu v. Attorney*
20  *General*, 470 F.3d 1362 (11th Cir. 2006), the petitioner left following a voluntary departure order and therefore
    was never subject to a later removal order.  470 F.3d at 1366-67.  In *Singh v. Gonzales*, 499 F.3d 969 (9th Cir.
21  2007), the petitioner alleged ineffective assistance of counsel that prevented a timely filing of a petition for
    review in the federal court of appeals.  The Ninth Circuit held that the petitioner's claim did not challenge the
22  order of removal because the only remedy granted could be resetting the thirty-day period for filing such a
    petition for review.  499 F.3d at 979.  In *Luna v. Holder*, 637 F.3d 85 (2d Cir. 2011), the petitioner filed a
23  petition for review in the court of appeals, not a habeas petition in the district court.

24       None of these cases involved a habeas petition challenging a removal order based upon the alleged
    unconstitutionality of a state court conviction.  None of these cases remotely suggest that challenging a
25  removal order based upon alleged ineffective assistance of counsel in *state criminal proceedings* is anything
    other than a challenge to enforcing the removal order.  Merely because the inapposite situations presented in
26  the above cases did not present a direct challenge to a removal order does not lead to the conclusion that
    petitioner's challenge does not.
27
       [3]The Court expresses no opinion as to whether state or federal post-conviction relief or collateral
28  review would be barred on one or more procedural grounds at this late juncture.

-4-

1   showing made, petitioner instead must seek any emergency judicial[4] relief in the Court of

2   Appeals, whether during the pendency of proceedings on this petition or instead in the Court

3   of Appeals.

4         IT THEREFORE IS ORDERED that, within **five (5)** judicial days of entry of this order,

5   petitioner shall SHOW CAUSE in writing why the petition should not be dismissed without

6   prejudice for lack of jurisdiction over the subject matter.

7         IT FURTHER IS ORDERED that petitioner's emergency motion (#3) for a stay order

8   is DENIED without prejudice.

9         DATED this 4th day of January, 2012.

10

11

12   _____

13   Gloria M. Navarro
     United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25   _____

26        [4]The Court's discussion does not rule out the possibility that petitioner instead first must seek relief
     administratively.  The Court's discussion instead is focused on the absence of federal habeas jurisdiction
27   when federal *judicial* intervention is sought.  In the final analysis, it is the petitioner's responsibility to timely
     seek appropriate relief, including emergency relief, in an appropriate forum, whether that be in the federal
28   court of appeals as to judicial review or instead in administrative proceedings.

-5-