# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARIA LITA PADERNAL-NYE,

    *Petitioner,*

vs.

JANET NAPOLITANO, *et al.*,

    *Respondents*.

2:11-cv-02058-GMN-PAL

ORDER

This represented immigration habeas matter under 28 U.S.C. § 2241 comes before the Court for initial review pursuant 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases, which is applied to this proceeding pursuant to Rule 1(b) thereof, as well as upon petitioner's emergency motion (#3) for a stay order. Following upon initial review, the emergency motion will be denied and petitioner will be directed to show cause why this action should not be dismissed without prejudice for lack of jurisdiction over the subject matter in the district court.

### *Background*

According to the allegations of the petition,[1] petitioner is a native and citizen of the Phillippines who was adjusted to lawful permanent resident status in the United States on November 16, 1995.

---

[1] In summarizing the allegations of the petition herein, the Court makes no findings of fact. The Court merely is summarizing the allegations made as background to the jurisdictional issue.

In 1996, petitioner pled guilty in Nevada state court to one count of child abuse and neglect and one count of misdemeanor battery. The allegations of the petition reflect that petitioner was sentenced on September 11, 1996, but the filing date of the judgment of conviction is not stated. The petition states that, on the first charge, petitioner was given a one year sentence that then was suspended with placement on probation not to exceed eighteen months. On the second charge petitioner was sentenced to time served. It thus would appear that, as of the start of 2012, the sentences on the conviction long since have fully expired.

It does not appear from the allegations presented that petitioner filed a direct appeal from the judgment of conviction. The petition further does not reflect the filing of any other state proceedings seeking to challenge the conviction. The petition refers only to the retention of another attorney (different from federal habeas counsel) in or about November or December 2011 for the purpose of seeking withdrawal of the plea in the state district court.

On or about April 13, 1999, immigration authorities initiated removal proceedings against petitioner based upon the state conviction. Petitioner challenged the removal order in extensive administrative and judicial proceedings that have spanned over a decade. See #1, at 4-9. These proceedings culminated in a July 8, 2011, decision by the Ninth Circuit denying petitioner's petition for review and the denial of petitions for rehearing on September 9, 2011. *See Padernal-Nye v. Holder*, 2011 WL 2669972 (9th Cir., July 8, 2011).

The present federal habeas petition is brought under 28 U.S.C. § 2241 exclusively against federal officials, including the United States Attorney General, the Secretary of the Department of Homeland Security, and two subordinate federal officials.

The petition seeks to present what appears – at least from the allegations of the petition – to be a new legal basis for preventing the removal order from being carried out. Petitioner alleges that the 1996 state conviction and guilty plea were obtained in violation of petitioner's right to effective assistance of counsel because she was not advised of the immigration consequences of the plea. She relies upon the 2010 decision in *Padilla v. Kentucky*, ___ U.S. ___, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).

Petitioner alleges "that Petitioner's Removal Order violates Due Process of Law because it is based upon a conviction entered in violation of the United States Constitution." #1, at 1 She maintains that the "conviction upon which the Deportation Order is based is unconstitutional and legally defective and its use for the purposes of removal results in a violation of due process of law." #1, at 9.  She prays for an order "declaring [that] the Petitioner's State Court conviction is constitutionally infirm and defective *and cannot be used to establish removability*." #1, at 9 (emphasis added).  She further seeks "a Stay of the Removal Order until" the present petition is decided. *Id.*

### *Discussion*

Pursuant to 8 U.S.C. § 1252(a)(5) and (b), a federal district court does not have jurisdiction over a habeas petition seeking to challenge a removal order. *See, e.g., Flores-Torres v. Mukasey*, 548 F.3d 708, 710-11 (9th Cir. 2008); *Iasu v. Smith*, 511 F.3d 881 (9th Cir. 2007).  The exclusive method for obtaining judicial review of a final order of removal is through filing a petition for review in the Court of Appeals. *Id.*  Because petitioner filed the present petition after the May 11, 2005, effective date of the above-cited jurisdictional provision, dismissal of the petition rather than transfer to the Court of Appeals is required where jurisdiction in the district court is absent. *E.g., Iasu*, 511 F.3d at 884 & 893.

Petitioner seeks to avoid this jurisdictional provision by urging that her claim "is not a direct challenge to the final order of removal but is a collateral attack on the Constitutionality of the Conviction upon which the removal order is based." #1, at 3.

Petitioner's jurisdictional argument is fundamentally flawed for two reasons.

First, petitioner undeniably is seeking judicial review of the removal order.  While the alleged unconstitutionality of the state conviction is the *ground* for the relief sought, the *relief* sought is an order from the district court under § 2241 declaring that federal immigration officials may not lawfully remove petitioner from the United States and further staying the order pending such a determination.  While petitioner may be seeking to collaterally attack the state conviction, she is seeking direct judicial review of the constitutional validity of the removal order in the district court and federal judicial preclusion of its enforcement.

The cases cited by petitioner do not support the proposition that a district court has jurisdiction over a habeas petition based upon the premise that a petitioner is not directly challenging the removal order when she alleges that the underlying state conviction is unconstitutional. No such issue was presented in any of the cases cited, and the cases contain no apposite discussion of any such issue.[2]

Second, under well-established law, petitioner *cannot* collaterally challenge a state court conviction in a federal habeas petition brought against federal immigration authorities under § 2241. *See,e.g. Contreras v. Schiltgen*, 151 F.3d 906 (9th Cir. 1998). Petitioner must challenge the state conviction in appropriate proceedings brought against state officials,[3] and she must seek any interim judicial relief regarding enforcement of the removal order in proceedings filed in the federal court of appeals, not the district court.

Petitioner therefore will be directed to show cause why the petition should not be dismissed for lack of jurisdiction. The emergency motion further will be denied as the emergency judicial relief requested instead must be sought in conjunction with a timely petition for review in the Court of Appeals. Petitioner should not wait for a final decision from this Court prior to seeking appropriate relief in an appropriate forum. On the allegations and

---

[2] In *Nnadika v. Attorney General*, 484 F.3d 626 (3d Cir. 2007), the petitioner was challenging the constitutionality of his arrest and detention by *federal immigration authorities*, not the unconstitutionality of a state court conviction serving as a predicate for a removal order. *See* 484 F.3d at 632. In *Madu v. Attorney General*, 470 F.3d 1362 (11th Cir. 2006), the petitioner left following a voluntary departure order and therefore was never subject to a later removal order. 470 F.3d at 1366-67. In *Singh v. Gonzales*, 499 F.3d 969 (9th Cir. 2007), the petitioner alleged ineffective assistance of counsel that prevented a timely filing of a petition for review in the federal court of appeals. The Ninth Circuit held that the petitioner's claim did not challenge the order of removal because the only remedy granted could be resetting the thirty-day period for filing such a petition for review. 499 F.3d at 979. In *Luna v. Holder*, 637 F.3d 85 (2d Cir. 2011), the petitioner filed a petition for review in the court of appeals, not a habeas petition in the district court.

None of these cases involved a habeas petition challenging a removal order based upon the alleged unconstitutionality of a state court conviction. None of these cases remotely suggest that challenging a removal order based upon alleged ineffective assistance of counsel in *state criminal proceedings* is anything other than a challenge to enforcing the removal order. Merely because the inapposite situations presented in the above cases did not present a direct challenge to a removal order does not lead to the conclusion that petitioner's challenge does not.

[3] The Court expresses no opinion as to whether state or federal post-conviction relief or collateral review would be barred on one or more procedural grounds at this late juncture.

-4-

1 showing made, petitioner instead must seek any emergency judicial[4] relief in the Court of
2 Appeals, whether during the pendency of proceedings on this petition or instead in the Court
3 of Appeals.
4     IT THEREFORE IS ORDERED that, within **five (5)** judicial days of entry of this order,
5 petitioner shall SHOW CAUSE in writing why the petition should not be dismissed without
6 prejudice for lack of jurisdiction over the subject matter.
7     IT FURTHER IS ORDERED that petitioner's emergency motion (#3) for a stay order
8 is DENIED without prejudice.
9     DATED this 4th day of January, 2012.

                                                    _____
                                                    Gloria M. Navarro
                                                    United States District Judge

---

[4]The Court's discussion does not rule out the possibility that petitioner instead first must seek relief administratively. The Court's discussion instead is focused on the absence of federal habeas jurisdiction when federal *judicial* intervention is sought. In the final analysis, it is the petitioner's responsibility to timely seek appropriate relief, including emergency relief, in an appropriate forum, whether that be in the federal court of appeals as to judicial review or instead in administrative proceedings.