# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARIA LITA PADERNAL-NYE,

    *Petitioner,*

vs.

JANET NAPOLITANO, *et al.*,

    *Respondents*.

2:11-cv-02058-GMN-PAL

ORDER

This represented immigration habeas matter under 28 U.S.C. § 2241 comes before the Court following upon petitioner's response (#7) to the Court's order (#4) directing petitioner to show cause why this action should not be dismissed without prejudice for lack of jurisdiction over the subject matter in the district court.

## *Background*

According to the allegations of the petition,[1] petitioner is a native and citizen of the Phillippines who was adjusted to lawful permanent resident status in the United States on November 16, 1995.

In 1996, petitioner pled guilty in Nevada state court to one count of child abuse and neglect and one count of misdemeanor battery. The allegations of the petition reflect that petitioner was sentenced on September 11, 1996, but the filing date of the judgment of

---

[1] In summarizing the allegations of the petition herein, the Court makes no findings of fact. The Court merely is summarizing the allegations made as background to the jurisdictional issue.

1 conviction is not stated. The petition states that, on the first charge, petitioner was given a
2 one year sentence that then was suspended with placement on probation not to exceed
3 eighteen months. On the second charge petitioner was sentenced to time served. It thus
4 would appear that, as of the start of 2012, the sentences on the conviction long since have
5 fully expired.

6 It does not appear from the allegations presented that petitioner filed a direct appeal
7 from the judgment of conviction. The petition further does not reflect the filing of any other
8 state proceedings seeking to challenge the conviction. The petition refers only to the
9 retention of another attorney (different from federal habeas counsel) in or about November
10 or December 2011 for the purpose of seeking withdrawal of the plea in the state district court.

11 On or about April 13, 1999, immigration authorities initiated removal proceedings
12 against petitioner based upon the state conviction. Petitioner challenged the removal order
13 in extensive administrative and judicial proceedings that have spanned over a decade. See
14 #1, at 4-9. These proceedings culminated in a July 8, 2011, decision by the Ninth Circuit
15 denying petitioner's petition for review and the denial of petitions for rehearing on September
16 9, 2011. *See Padernal-Nye v. Holder*, 2011 WL 2669972 (9th Cir., July 8, 2011).

17 The present federal habeas petition is brought under 28 U.S.C. § 2241 exclusively
18 against federal officials, including the United States Attorney General, the Secretary of the
19 Department of Homeland Security, and two subordinate federal officials.

20 The petition seeks to present what appears – at least from the allegations of the
21 petition – to be a new legal basis for preventing the removal order from being carried out.
22 Petitioner alleges that the 1996 state conviction and guilty plea were obtained in violation of
23 petitioner's right to effective assistance of counsel because she was not advised of the
24 immigration consequences of the plea. She relies upon the 2010 decision in *Padilla v.*
25 *Kentucky*, ___ U.S. ___, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).

26 Petitioner alleges "that Petitioner's Removal Order violates Due Process of Law
27 because it is based upon a conviction entered in violation of the United States Constitution."
28 #1, at 1 She maintains that the "conviction upon which the Deportation Order is based is

1 unconstitutional and legally defective and its use for the purposes of removal results in a
2 violation of due process of law." #1, at 9.  She prays for an order "declaring [that] the
3 Petitioner's State Court conviction is constitutionally infirm and defective *and cannot be used*
4 *to establish removability*." #1, at 9 (emphasis added).  She further seeks "a Stay of the
5 Removal Order until" the present petition is decided.  *Id.*

### *Discussion*

7 Pursuant to the REAL ID Act, 8 U.S.C. § 1252(a)(5) and (b), a federal district court
8 does not have jurisdiction over a habeas petition seeking to challenge a removal order.
9 *See,e.g., Flores-Torres v. Mukasey*, 548 F.3d 708, 710-11 (9th Cir. 2008); *Iasu v. Smith*, 511
10 F.3d 881 (9th Cir. 2007).  The exclusive method for obtaining judicial review of a final order
11 of removal is through filing a petition for review in the Court of Appeals.  *Id.*  Because
12 petitioner filed the present petition after the May 11, 2005, effective date of the above-cited
13 jurisdictional provision, dismissal of the petition rather than transfer to the Court of Appeals
14 is required where jurisdiction in the district court is absent.  *E.g., Iasu*, 511 F.3d at 884 & 893.

15 In the show-cause response, as in the petition, petitioner seeks to avoid this
16 jurisdictional provision by urging that her petition "focuses upon the constitutionality of the
17 conviction relied upon the United States Department of Homeland Security to order the
18 Respondent deported." #7, at 3.

19 Petitioner's jurisdictional argument remains fundamentally flawed for two reasons.

20 *First*, petitioner in truth is seeking judicial review of the removal order.  While the
21 alleged unconstitutionality of the state conviction is the *ground* for the relief sought, the *relief*
22 sought is an order from the district court under § 2241 declaring that federal immigration
23 officials may not lawfully remove petitioner from the United States and further staying the
24 order pending such a determination.  While petitioner may be seeking to collaterally attack
25 the state conviction, she is seeking direct judicial review of the constitutional validity of the
26 removal order in the district court and federal judicial preclusion of its enforcement.

27 The cases cited by petitioner do not support the proposition that this Court – rather
28 than the Court of Appeals – has jurisdiction to hear her challenge.

Petitioner relies upon *United States v. Oroci*, 645 F.3d 630 (3rd Cir. 2011), for the proposition that "when a non-citizen defendant plead's [sic] guilty to a criminal offense that results in mandatory deportation and the lawyer fails to explain those consequences the alien is deprived of competence [sic] and effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution." #7, at 4.  However, *Oroci* speaks to petitioner's *ground* for relief, not where she must seek such relief.  Under the REAL ID Act, petitioner must pursue this ground for seeking to restrain enforcement of the removal order *in the Court of Appeals, not via a habeas petition in the federal district court.*[2]

Petitioner further relies upon *Singh v. Gonzales*, 499 F.3d 969 (9th Cir. 2007), as support for the broad proposition that the REAL ID Act "does not apply in circumstances in which the alien does not seek a direct challenge of the Order of removal . . . ." #7, at 6.  As this Court indicated in the show cause order, the petitioner in *Singh* alleged ineffective assistance of counsel that prevented a timely filing of a petition for review in the federal court of appeals.  The Ninth Circuit held that the petitioner's claim did not challenge the order of removal because the only remedy granted could be resetting the thirty-day period for filing such a petition for review.  499 F.3d at 979.  This Court concludes, for a second time, that *Singh* has nothing to do with the present case, where petitioner instead seeks federal judicial intervention by the federal district court precluding enforcement *of the removal order*.

Petitioner has not presented clearly apposite federal district court authority supporting her position.  In *Application of Castellanos*, 955 F.Supp. 96 (W.D. Wash. 1996), the court addressed a provision of the Anti-terrorism and Effective Death Penalty Act (AEDPA) as it related to immigration habeas jurisdiction.  955 F.Supp. at 97.  The issue *here* instead concerns the REAL ID Act provision restricting challenges to removal orders to proceedings

---

[2]Petitioner further urges argument that her conviction does not satisfy the criteria of the categorical or modified categorical analysis under *Taylor v. United States*, 495 U.S. 575 (1990).  Petitioner's argument again begs the question.  The question at this juncture is not what grounds petitioner might present but instead is where she must present them.  Under the REAL ID Act, she cannot pursue the grounds presented in the district court rather than the Court of Appeals.  Argument going to the merits of her claims begs the threshold question of jurisdiction.

in the courts of appeals. *Castellanos* does not address the REAL ID Act. In all events, decisions from other federal district courts constitute only persuasive authority. Such decisions do not override the apposite and controlling Ninth Circuit authority cited previously in *Flores-Torres* and *Iasu*.

Petitioner further relies upon *Chehazeh v. Attorney General*. Counsel identifies this decision as an apparently unpublished decision dated January 11, 2011, apparently from the District of Columbia. See #7, at 6. Petitioner perhaps is referring to the Third Circuit's January 11, 2012, published decision in *Chehazeh v. Attorney General*, ___ F.3d. ___, 2012 WL 77881 (3d Cir., Jan. 11, 2012). *Chehazeh* has nothing to do with the present case. In *Chehazeh*, the Third Circuit held that no statutory provision precluded federal habeas review of a Board of Immigration Appeals decision to reopen a removal proceeding. Chehazeh clearly did not challenge an order of removal because, as the Third Circuit expressly noted, "there has been no such order with respect to him." *Id.*, at *9. The petitioner in this case, in contrast, is subject to a final order of removal and is seeking federal judicial intervention to preclude its enforcement. Such a matter instead must be pursued in the Court of Appeals under the REAL ID Act.

*Second*, under well-established law, petitioner *cannot* collaterally challenge a state court conviction in a federal habeas petition brought against federal immigration authorities under § 2241. *See, e.g. Contreras v. Schiltgen*, 151 F.3d 906 (9th Cir. 1998). Petitioner must challenge the state conviction in appropriate proceedings brought against state officials, and she must seek any interim judicial relief regarding enforcement of the removal order in proceedings filed in the federal court of appeals, not the district court.

The district court decision in *Tejada v. Cabral*, 424 F.Supp.2d 296 (D.Mass. 2006), does not lead to a different conclusion. The petitioner in *Tejada* brought a *Section 2254* habeas petition against *state* authorities in which he also sought a stay of an immigration order of removal. The district court held that under the REAL ID Act the court *had no jurisdiction* to grant relief with regard to the removal order and that the petitioner instead was required to seek relief from the appropriate court of appeals. The district court retained

jurisdiction over the *Section 2254 petition against state authorities*. Petitioner is proceeding against federal immigration authorities in this action seeking to preclude enforcement of the removal order. *Tejada* thus fully supports *dismissal* of the present petition, not the assertion of jurisdiction. The Court further would note that, at this juncture, a *Section 2254* petition quite likely would be subject to potential dismissal for, *inter alia*, lack of jurisdiction given the absence of custody due to the apparent expiration of the sentence in question, untimeliness, and lack of exhaustion. In all events, again, this Court is not bound by authority from other federal district courts. Even if *Tejada* were contrary to the rule in the Ninth Circuit's *Contreras* decision, *Contreras*, not *Tejada*, would control.

The petition therefore will be dismissed without prejudice for lack of jurisdiction.

IT THEREFORE IS ORDERED that the petition shall be DISMISSED without prejudice for lack of jurisdiction over the subject matter.

IT FURTHER IS ORDERED that, to the extent that a certificate of appealability *arguendo* is required in this procedural context, a certificate of appealability is DENIED. Jurists of reason would not find the district court's dismissal of the petition for lack of jurisdiction over the subject matter to be debatable or incorrect.

IT FURTHER IS ORDERED, pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases, that the Clerk of Court shall serve a copy of the petition and this order upon respondents: **(1)** by having the United States Marshal, by the close of business on the date that this order is entered, deliver same to the United States Attorney for the District of Nevada or to the person designated thereby for acceptance of service; **(2)** by certified mail upon the Hon. Eric Holder, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001; and **(3)** by certified mail upon the Hon. Janet Napolitano, Secretary, United States Department of Homeland Security, Washington, D.C. 20528.

IT FURTHER IS ORDERED that counsel for respondents shall enter a notice of appearance, only, within **ten (10) days** of entry of this order. **Thereafter, no response is required from respondents herein other than to respond to any orders by a reviewing court should an appeal be taken.**

1  The Clerk of Court shall enter final judgment accordingly, in favor of respondents and
2 against petitioner, dismissing this action without prejudice for lack of jurisdiction over the
3 subject matter.
4  DATED this 27th day of January, 2012.

_____
Gloria M. Navarro
United States District Judge